GUERRA v. McNALLY.

(Supreme Court, Appellate Term, First Department. June 21, 1916.)

MASTER AND SERVANT ⬗43—WRONGFUL DISCHARGE—ACTION FOR DAMAGES —QUESTION FOR JURY.

In an action for damages for an alleged wrongful discharge of the plaintiff from the defendant's employment during the term of his con-

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tract, evidence *held* to make the fact of alleged discharge a question for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. &#8258;43.]

Appeal from City Court of New York, Trial Term.

Action by Albino Guerra against Anna McNally. From a judg-ment dismissing the complaint at the close of the plaintiff's case, he appeals. Reversed, and new trial ordered.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Selig Edelman, of New York City (Joseph I. Green, of New York City, of counsel), for appellant.

Eliot Norton, of New York City, for respondent.

PHILBIN, J.   The action was brought to recover damages for an alleged wrongful discharge of the plaintiff by the defendant from the latter's employment.   The contract provided for the employment of the plaintiff for the period of one year from March 3, 1915.   He claims that he was discharged without cause on April 14, 1915.   The defend-ant put in a general denial.   There was ample evidence submitted on the trial to establish the contract of employment, and also as to the circumstances attending the alleged discharge.

The only point to be determined is as to whether the court was jus-tified in dismissing the complaint on the ground that the facts as to which the plaintiff submitted evidence did not prove a discharge.   The plaintiff testified that one McNally, a relative of the defendant, and who, it appeared, had authority to hire and discharge her employés, said to plaintiff at the end of Wednesday, the last day of the fiscal week, "You do not need to come in to-morrow," and left plaintiff, without anything further being said by either party; that the plaintiff did not thereafter return until the following Saturday, when he called for his wages, and was paid for the week ending on said Wednesday. The defendant claims, in effect, that the words used cannot be con-strued as an intention to discharge, but must be interpreted as noth-ing more than an intention to give the plaintiff a day off; that such an inference is compelled, because the plaintiff failed to prove that there had been any cause for dissatisfaction with him by the defendant.   In other words, it is argued that it must be assumed that the defendant excused the plaintiff from working the next day, although it would in-volve a loss to her because of his receiving a weekly compensation. The theory thus stated lacks the element of probability.   In any event, the evidence submitted presented a question of fact to be determined by the jury, and it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.